**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00095-ADA-BAM |
|---|---|
| Plaintiff, | MEMORANDUM ORDER FOLLOWING HEARING ON PRETRIAL VIOLATION PETITION, REVOKING RELEASE, AND REMANDING DEFENDANT INTO CUSTODY DURING PENDENCY OF ACTION |
| v. | |
| LIZETTE MENDEZ, | |
| Defendant. | |
| | (ECF Nos. 193, 194, 195, 198) |

**I.**

**BACKGROUND**

On March 15, 2021, a complaint was filed, and on April 8, 2021, an indictment was filed, charging Lizette Mendez ("Defendant") with: one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 846; one count of possession with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1); and seeking criminal forfeiture under 21 U.S.C. § 853(a). (ECF No. 74.)

Defendant made an initial appearance in custody via video on March 29, 2021, and Defendant was released on her own recognizance with numerous pretrial services conditions stated on the record. (ECF No. 28.) A written order setting conditions of release was signed on the same date, and docketed March 30, 2021. (ECF No. 42.) In part, Defendant was ordered to

1 "(a) report to and comply with the rules and regulations of the Pretrial Services Agency;" "(d) 2 report and contact with law enforcement to your PSO within 24 hours;" "(h) submit to drug 3 and/or alcohol testing as approved by the Pretrial Services Officer [and] pay all or part of the 4 costs of the testing services based upon your ability to pay, as determined by the Pretrial Services 5 Officer;" "(i) refrain from excessive use of alcohol, or any use of a narcotic drug or other 6 controlled substance without a prescription by a licensed medical practitioner; and you must 7 notify Pretrial Services immediately of any prescribed medication(s) [but] medical marijuana, 8 prescribed and/or recommended, may not be used;" and "(j) participate in a program of medical 9 or psychiatric treatment including treatment for drug or alcohol dependency, as approved by the 10 PSO." (ECF No. 42 at 2.)

11 On May 4, 2023, a pretrial services violation petition was filed. (ECF No. 193.) On May 12 31, 2023, a superseding pretrial release violation petition was filed, with an initial appearance on 13 revocation proceedings set for June 6, 2023. (ECF No. 194.) The superseding petition alleged 14 Defendant failed to participate in mental health counseling on March 21, 2023, April 13, 2023, 15 April 25, 2023, and May 1, 2023; that on April 8, 2023, Defendant was cited by the California 16 Highway Patrol and charged with speed exceeding 70 miles per hour; that Defendant failed to 17 report this law enforcement contact to Pretrial Services within 24 hours; and that on May 20, 18 2023, Defendant submitted to a random drug test which was presumptively positive for the 19 presence of cannabinoids, with such test not yet confirmed. (ECF No. 194.)[1]

20 On June 6, 2023, Defendant made an initial appearance on the pretrial release violation 21 petition. (ECF No. 195.) Arin Heinz appeared on behalf of the Government. Kevin Rooney 22 appeared on behalf of the Defendant. Following a hearing on the matter, the Court ordered 23 Defendant temporarily detained pending further adjudication of the pretrial release violation 24 petition. (ECF No. 195.) The Court inquired of Defense Counsel whether the matter should be

---

[1] The Court notes that the filing, in referencing the relevant conditions of pretrial release, referenced conditions "(d) report and contact with law enforcement to your PSO within 24 hours," and "(j) participate in a program of medical or psychiatric treatment including treatment for drug or alcohol dependency," however, the superseding petition did not expressly reference condition "(h) submit to drug and/or alcohol testing as approved by the Pretrial Services Officer," or "(i) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance." (See ECF Nos. 42 at 2, 194.)

set for a contested hearing, and Defendant requested a status conference. The Court set a status conference for June 8, 2023. (Id.)

On June 8, 2023, the Court held a status conference on the pretrial release violation. (ECF No. 198.) Arin Heinz appeared on behalf of the Government. Kevin Rooney appeared on behalf of the Defendant. Defendant appeared in person in custody. Defendant was sworn and admitted the pretrial violation. The Government sought detention, and Defendant argued for release on conditions, or alternatively sanctions. Following argument, the Court ordered Defendant detained during the pendency of the action. A status conference is set for July 12, 2023, before Magistrate Judge Barbara A. McAuliffe. (ECF No. 198.)

## II.

## LEGAL STANDARDS

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141, *et seq.*, is the statutory scheme governing the circumstances under which bail may be granted as well as subsequently revoked. See, e.g., United States v. Wong, No. CR 12-00645 LEK, 2012 WL 5464178, at *2 (D. Haw. Nov. 8, 2012). The Act mandates the pretrial release of individuals charged with a criminal offense if the Court can be reasonably assured that the defendant does not pose a flight risk or danger to the community. United States v. Damato, No. 2:20-MJ-00221-DJA-1, 2020 WL 2088100, at *1 (D. Nev. Apr. 29, 2020) (citing 18 U.S.C. § 3142).

Section 3148 addresses the sanctions for violation of conditions of supervised release. "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides:

> **(b) Revocation of release.**--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have

been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

    **(1)** finds that there is—

        **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

        **(B)** clear and convincing evidence that the person has violated any other condition of release; and

    **(2)** finds that—

        **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

        **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1)-(2). In turn, the factors under Section 3142(g) are as follows:

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

        **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

        **(2)** the weight of the evidence against the person;

        **(3)** the history and characteristics of the person, including—

>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Thus, "[r]evocation is governed by a two-step process." United States v. Damato, No. 2:20-MJ-00221-DJA-1, 2020 WL 2088100, at *2 (D. Nev. Apr. 29, 2020). "At the first step, the Court must determine whether there is 'probable cause to believe that the person has committed a Federal, State or local crime while on release,' *or* whether there is 'clear and convincing evidence that the person has violated any other condition of release.' " Id. (emphasis in original) (quoting 18 U.S.C. § 3148(b)(1)). The burden of proof at this step is on the government. Id. (citing United States v. Petersen, No. CRM 2008-0022, 2009 WL 1514402, at *1 (D.V.I. May 29, 2009)).

"At the second step, the Court "shall" enter an order revoking pretrial release if it finds *either* that 'based on the factors set forth in section 3142(g) ... there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community' *or* that 'the person is unlikely to abide by any condition or combination of conditions of release.' " Damato, 2020 WL 2088100, at *2 (emphasis in original) (quoting 18 U.S.C. § 3148(b)(2)). "If the government establishes probable

cause to believe the individual 'committed a Federal, State, or local felony' while on pretrial release, then 'a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.' " Id. "Probable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the circumstances." United States v. Krupa, 658 F.3d 1174, 1177 (9th Cir. 2011) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).

"However, if the rebuttable presumption does not apply, the statute is silent regarding the evidentiary standard that must be met by the government at the second step." See Damato, 2020 WL 2088100, at *2 ("The Ninth Circuit has not addressed this issue."). This Court has previously found "[t]he determination of whether there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community or that he is unlikely to abide by any condition or combination of conditions of release under section 3148(b)(2) may be established by a preponderance of the evidence." United States v. Patterson, No. 119CR00230DADBAM1, 2020 WL 6200164, at *9 (E.D. Cal. Oct. 22, 2020) (citing United States v. Gotti, 794 F.2d 773, 778 (2d Cir. 1986); see also Damato, 2020 WL 2088100, at *2 (noting "the Second Circuit has . . . [held] 'findings made under section 3148(b)(2) may be established by a by a preponderance of the evidence[,]' " and that "[t]he analysis and rationale as to why the government's burden of proof is a preponderance of the evidence under § 3148 in Gotti is persuasive to this Court.").

## III.

## DISCUSSION

As detailed above, in relevant sum, "[t]he district court may enter an order of revocation and detention if, after a hearing, the court: (1) finds that there is either 'probable cause to believe that the person has committed a Federal, State, or local crime while on release' or 'clear and convincing evidence that the person has violated any other condition of release'; and (2) finds that 'based on the factors set forth in [18 U.S.C. § 3142(g) ], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community' or 'the person is unlikely to abide by any condition or

1 combination of conditions of release.' " United States v. Howard, 793 F.3d 1113 (9th Cir. 2015)
2 (quoting 18 U.S.C. § 3148(b)(1)-(2)).

3      Initially, at the status conference held on June 9, 2023, Defendant agreed to admit to
4 certain violations of pretrial release, specifically: (1) that on March 21, 2023, Defendant failed to
5 participate in mental health counseling; (2) that on May 1, 2023, Defendant failed to participate
6 in mental health counseling; and (3) on May 20, 2023, Defendant submitted a random drug test
7 that was presumptively positive for cannabinoids. Therefore, there was no contested hearing on
8 the issue of whether the pretrial conditions were violated, and the initial issue of whether there is
9 "clear and convincing evidence that the person has violated any other condition of release," 18
10 U.S.C. § 3148(b)(1), was established by Defendant's admission, or waived. Accordingly, the
11 parties focused their arguments on the question of whether there is no condition or combination
12 of conditions of release that will assure that Defendant will not flee or pose a danger to the safety
13 of any other person or the community, or whether she is unlikely to abide by any condition or
14 combination of conditions of release. See 18 U.S.C. § 3148(b)(2).[2]

15      The Government maintained there was evidence sufficient to keep Defendant detained
16 because: (1) the evidence establishes Defendant is a danger to herself; and (2) the evidence
17 establishes Defendant would not comply with any conditions or combination of conditions. The
18 Government emphasized the pattern of violations in this case demonstrate Defendant could not
19 comply with simple and straightforward conditions, including those in place for Defendant's
20 benefit. The Government explained that when Defendant was initially questioned by Pretrial
21 Services, Defendant was not candid and first denied using drugs, and it was not until confronted
22 with the evidence of the test results that she somewhat admitted, but *still* offered excuses such as
23 that her brother smoked in front of her, and that she ate a brownie containing drugs while at a
24 party. Despite this lack of candor, Pretrial Services nonetheless continued to try working with
25 Defendant to get her enrolled in counseling, and attempted to handle these infractions informally,

---

[2] Because Defendant has admitted to submitting a random drug test positive for cannabinoids, the Court additionally finds "probable cause to believe that the [Defendant] has committed a Federal . . . crime while on release." Howard, 793 F.3d 1113 (quoting 18 U.S.C. § 3148(b)(1)-(2)); see 21 U.S.C. § 812(c).

but then Defendant tested positive again on May 20, 2023. The Government argued that the fact Defendant cannot comply with these conditions imposed for her own benefit and mental health, demonstrates she will not abide by other conditions. The Government also emphasized that Pretrial Services also took the position that there are no other conditions they can impose at this point, because they have made every effort to ensure compliance, citing the violations involve dishonest with Pretrial Services.

Defendant responded they are not aware of any rule or holding that the statutory scheme provides a basis for detention due to danger of harm to the Defendant herself. Defendant also argued the condition or combination of conditions that the Court finds insufficient must relate to flight or danger. Defendant emphasized that while she is accused of a serious crime in the indictment, since released on her own recognizance, the only crimes since release have been a speeding ticket, and smoking marijuana, and thus she is not a danger. Defendant also argued that she is not a flight risk, as a lifelong resident in this district. As for potential conditions, Defendant argued she has admitted these violations, and while there are allegations of other violations, Defendant emphasized that as for conditions such as committing other crimes, not reporting her residence, and not staying in district, she has lived up to these conditions. Therefore Defendant conceded that sanctions are likely appropriate, but argued keeping Defendant in detention and depriving her of liberty while presumed innocent, would be improper.

In consideration of the arguments, for the reasons explained below, by a preponderance of the evidence, the Court finds Defendant to be a danger to persons in the community and is a flight risk, and considering the factors under Section 3142(g), finds no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(A); 18 U.S.C. § 3142(g). The Court additionally finds by a preponderance of the evidence that the disregard of the laws and the restrictions the Court has imposed, demonstrates it is unlikely that Defendant will abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(B).

First, like Defendant, the Court has not located any authority addressing whether it is

proper to consider danger to the Defendant themselves under Section 3148(b)(2)(A). Therefore, the Court does not find in accord with the Government that a basis for revoking detention under Section 3148, in referencing Section 3142, can be based on a danger to the Defendant themselves, given the plain language of the statutes. See 18 U.S.C. § 3148(b)(2)(A) ("[B]ased on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that **the person** will not flee or pose a danger to the safety of **any other person** or the community.") (emphasis added); 18 U.S.C. § 3142(f) ("The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of **such person** as required and the safety of **any other person** and the community.") (emphasis added); Lamie v. U.S. Tr., 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L. Ed. 2d 1024 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.' " (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000))).

The Court has considered the Defendant's reliance on the concurring opinion in Howard, which found as follows in relevant part:

> I join my colleagues in remanding for further findings. But, I'm troubled by the condition of release that defendant has been found to have violated. As a condition for staying out of jail pending trial, defendant was ordered to "have no contact with any employee of the USPS *except* his supervisors," and the order was later expanded to prevent him from "mak[ing] contact with any postal service employees, former or current." Defendant's counsel unwisely consented to these conditions, but they strike me as unjustified and probably unconstitutional.
>
> According to our law, there are only two considerations the district court may take into account in determining whether to release a defendant, and what condition to impose on such release: (a) ensure that he is not a flight risk; and (b) ensure that he is not a danger to the community. 18 U.S.C. § 3142(c)(1). Preventing the defendant from talking to individuals who are potential witnesses at trial falls into neither of these categories. It certainly does not show a propensity to flee nor, of itself, is it evidence of being a danger to the community. Merely talking to a potential witness, even about the subject of his likely testimony, is not illegal. The government does this again and again with every potential witness,

> as long and as often as it wishes. It seems wholly inappropriate and unfair to give the government unhindered access to witnesses yet throw the defendant in the slammer for doing the same. Defendant, no less than the government, has a legitimate interest in discussing the case with the witnesses, testing their recollections and helping them articulate the events in terms favorable to his case. When the government does this, we call it witness prep; there is no justification for calling it witness tampering when the defendant does precisely the same . . .
>
> . . . I would therefore disapprove—and disregard—any condition on Howard's liberty that is not tied closely to the two statutory requirements for the granting of pretrial release, and any condition involving access to evidence of witnesses that is not enforced with equal vigor against the government—unless there is a specific showing that the defendant has engaged in witness intimidation or tampering, as those terms are strictly defined by the criminal laws prohibiting such conduct. The government here has shown nothing close, so I would order Howard released at once pending further fact-finding by the district court.

Howard, 793 F.3d at 1114-15 (Kozinski, J., concurring). Clearly, the issue of trial preparation and impacting the rights of a defendant in obtaining evidence were part of the basis of the judge's concerns, id., and there are obvious problems of similar blanket conditions on the rights of a defendant in preparing for trial. See Forde v. Shinn, No. CV-21-00098-TUC-SHR, 2021 WL 2555430, at *1 (D. Ariz. June 22, 2021) ("Respondents impermissibly ask for resolution of a dispute that has not and may never ripen, and ask the Court to presume all direct contact with victims by Petitioner's defense team violates a victim's rights to dignity and privacy." (citing Howard, 793 F.3d at 1114)).

As to the relevance to this matter, this Court has already considered the argument's proffered by Defendant in a manner that is partially determinative to the Court's ultimate decision below. See Patterson, 2020 WL 6200164, at *8 ("Defendant argues that the finding must be based on a finding of dangerousness or risk of flight citing the concurring opinion in [Howard,] [h]owever, in Howard the appellate court was addressing a finding that the defendant posed a danger to the community[;] [t]he matter was remanded upon a finding that it was unclear if the court found that the defendant had violated his conditions of release by clear and convincing evidence[;] [t]he concurrence was addressing danger under section 3142(g) and whether talking to [a] witness could be considered witness tampering[;] [and] [t]he concurrence

did not address the failure to abide by conditions of confinement under section 3148(b)(2)(B)."); see also Howard, 793 F.3d 1113 (court must make finding either under Section 3148(b)(1) "or" Section 3148(b)(2)); United States v. Frances, No. 2:20-CR-00062-NT, 2022 WL 6145121, at *5 (D. Me. Oct. 7, 2022) (noting a court must make "(2) either an assessment of conditions to prevent flight or danger to the community *or* a determination of whether the defendant would abide by any conditions prescribed." (emphasis in original) (citing United States v. Quirion, 808 F. Supp. 2d 343, 346 (D. Me. 2011))).

Therefore, even if the findings below pertaining to Section 3148(b)(2)(A) should be influenced by the concurring opinion in Howard, the Court's finding below that Defendant is "unlikely to abide by any condition or combination of conditions of release," would not be connected in the same fashion to Defendant's reliance on Howard. See Frances, WL 6145121, at *7 & n.5 ("Because I find both probable cause to believe that the Defendant has committed new criminal conduct and that he is unlikely to abide by his conditions of release, under section 3148 there is no discretion remaining . . . [and] [b]ecause I find no reason to believe that the Defendant will obey conditions going forward, I need not make findings, under 18 U.S.C. § 3148(b)(2)(A), based on the factors set forth in section 3142(g) as to whether there are any conditions that would reasonably assure that the Defendant will not pose a danger to the safety of the community."); Howard, 793 F.3d 1113 (court must make finding either under Section 3148(b)(1) "or" Section 3148(b)(2)).

In either regard, as stated on the record on June 8, 2023, the Court does find the Defendant's repeated violations of the conditions of pretrial release present a danger to persons in the community and establish a flight risk, considering the factors under Section 3142(g). As stated on the record, the Court considers that violations relating to the condition of mental health treatment and Defendant's mental health overall, and the repeated failure to abide by the simple and basic condition of attending such counseling by telephone, demonstrate such flight and safety risks, considering the nature and circumstances of the underlying charges, the weight of the evidence, and the history of the Defendant's violations in this action in the face of repeated attempts at resolution by Pretrial Services. Indeed, this is why the Court placed a condition on

Defendant requiring mental health treatment, as it is related to the safety of the community and ensuring she does not become a flight risk.  When Pretrial Services speaks, it is the Court speaking, as after all, Pretrial Services is acting on behalf of the Court to enforce the orders of this Court.  Defendant continued to repeatedly violate orders of the Court as evidenced by the various violations that occurred prior to appearing before the Court.  Therefore, the Court finds Defendant to be a danger to persons in the community and is a flight risk, and considering the factors under Section 3142(g), finds by a preponderance of the evidence that no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2)(A); 18 U.S.C. § 3142(g).

The Court additionally considers whether it is unlikely that Defendant will abide by any condition or combination of conditions of release.  In this regard, despite Defendant not appearing directly before the Court on each prior violation, the Court doesn't look only to the instant violation petition, but the course of conduct and pattern of violations whereby the Defendant would not comply with the requirements of Pretrial Services.  Again, Pretrial Services is an agent or arm of the Court, so each time Defendant worked with Pretrial Services concerning a violation, while not appearing before the Court, that is still a violation to the Court.  While Defendant was essentially given a series of attempts to informally resolve because she didn't appear before the Court, it is the continual practice of the Defendant not complying with the terms of Pretrial release, and the Court finds it significant that despite these opportunities provided by the Pretrial Services Officer, Pretrial Services now takes the position that there are no other conditions they can impose at this point, because they have made every effort to ensure compliance.

Based on this pattern and practice, the Court additionally finds by a preponderance of the evidence that the disregard of the laws and the restrictions the Court has imposed, demonstrates it is unlikely that Defendant will abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b)(2)(B).  The Court finds this pattern of conduct and lack of candor to Pretrial Services analogous to that in <u>Patch</u>:

> This testimony from probation regarding the defendant's missed drug tests and substance use constitutes clear and convincing evidence that she violated her conditions of release.
>
> Additionally, the court finds that Blanchette is unlikely to abide by conditions of release going forward. On several occasions, Blanchette, when confronted about the positive test results, denied any substance use. After one positive test, she stated that she believed the test result was caused by the environment in which she works doing construction. In response to one of the positive test results in February, the defendant indicated her belief that it was caused by drinking coffee before the test. The court does not find these explanations believable. Moreover, probation reports that the defendant has displayed a lack of honesty about her counseling meetings, her substance use, and her ongoing struggles with addiction. The court finds this lack of candor troubling. See United States v. Patterson, No. 119-cr-00230-DAD-BAM-1, 2020 WL 6200164, at *11 n.2 (E.D. Cal. Oct. 22, 2020) (finding that "the evidence demonstrates that [the defendant] cannot be supervised due to his lack of candor with his pretrial services office and law enforcement"); see also United States v. Ojo, Crim. No. SAG-20-0369, 2020 WL 7707341, at *2 (D. Md. Dec. 29, 2020) (considering the defendant's "lack of candor with Pretrial Services" in finding that there were no conditions that could mitigate dangerousness) . . .
>
> . . . Blanchette has failed time and again to comply with conditions, and is likely to continue that pattern of behavior.

United States v. Patch, No. 18-CR-187-SM-3, 2021 WL 1080399, at *2–3 (D.N.H. Mar. 1, 2021), report and recommendation approved, No. 18-CR-187-03-SM, 2021 WL 1060204 (D.N.H. Mar. 19, 2021); see also Frances, 2022 WL 6145121, at *7 ("Defendant's behavior occurred while he is pending sentencing on fraud charges and while he is released on conditions requiring that he not commit any new crime upon pain of additional consecutive punishment. If that isn't enough motivation to stay on the straight and narrow, nothing is [and] [b]ecause I find both probable cause to believe that the Defendant has committed new criminal conduct and that he is unlikely to abide by his conditions of release, under section 3148 there is no discretion remaining.")[3]; Martinez v. Clark, No. 21-35023, 2023 WL 3706526, at *5 (9th Cir. May 30,

---

[3] The Court recognizes that while these cases applied Section 3148(b), these cases involved defendants who were awaiting sentencing, and not on pretrial ("pretrial" here meaning "pre-conviction") release. See Patch, No. 18-CR-187-SM-3, 2021 WL 1080399, at *2–3; Frances, 2022 WL 6145121, at *7. Therefore, while the language concerning the particular facts that influenced the finding under Section 3148(b) is relevant, the Court is mindful that "[p]ursuant to 18 U.S.C. § 3143(a), for defendants who pleaded guilty and are awaiting sentence, the statute reverses the presumption of release in § 3142 and generally requires a court to incarcerate a defendant pending the

2023) ("The decision whether to admit a defendant to bail ... must often turn on a judge's prediction of the defendant's future conduct." (quoting Jurek v. Texas, 428 U.S. 262, 275, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976))).

For all of the above reasons, the Court finds the preponderance of the evidence establishes there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community, and that she is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(A)-(B); Howard, 793 F.3d 1113; Patterson, 2020 WL 6200164; Damato, 2020 WL 2088100, at *2. Accordingly, Defendant's pretrial release shall be revoked. 18 U.S.C. § 3148(a).

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Lizette Mendez's pretrial release is REVOKED;
2. Defendant Lizette Mendez shall be detained during the pendency of this case; and
3. Defendant Lizette Mendez shall appear before Magistrate Judge Barbara A. McAuliffe for a status conference on July 12, 2023 at 1:00 p.m.

IT IS SO ORDERED.

Dated:   **June 9, 2023**

UNITED STATES MAGISTRATE JUDGE

---

imposition of sentence." Patch, No. 18-CR-187-SM-3, 2021 WL 1080399, at *1 (quotation marks and citation omitted).