PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
LAUREL J. MONTOYA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMAYRANI ARREGUIN,<br>LIZETTE MENDEZ,<br>MIGUEL MARTINEZ,<br>YVETTE GALLEGOS,<br><br>Defendants. | CASE NO. 1:21-CR-00095-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 12, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was scheduled for a status conference on July 12, 2023.

2. By this stipulation, the parties request that this case be scheduled for trial on July 30, 2024. All parties are available for this trial date. The parties further request that the trial confirmation hearing be scheduled for July 15, 2024.

3. The parties agree and stipulate, and request that the Court find the following:

a) Initial discovery was transmitted to defendants (except defendant Gallegos, who was joined to the case later) on or about April 15, 2021. This discovery consisted of approximately 880 Bates-numbered items, including audio recordings, data and transcripts of telephone calls

intercepted through Court-authorized electronic surveillance, case agent reports, audio and video recordings, photographs, and laboratory results, as well as a recording of post-arrest interviews if any interview took place.  The initial discovery was transmitted under cover letter inviting defense counsel to contact the government in the event they wished to inspect any physical evidence seized during the investigation of the case.

b)   On or about June 14, 2021, the government transmitted supplemental discovery to the defendants, consisting of additional reports of investigation, laboratory results and photographs.

c)   Following her arraignment on July 22, 2021, the above-referenced discovery was produced to defendant Gallegos on July 27 and August 3, 2021.

d)   On or about November 19, 2021, the government transmitted supplemental discovery to the defendants, consisting of additional reports of investigation, laboratory results and photographs.

e)   Two new Assistant United States Attorneys were assigned to this case on December 2, 2022. The AUSA's are in active plea negotiations and have made plea offers to defense counsel for these defendants. The parties continue to actively negotiate this matter, but believe it is necessary to schedule it for trial. The United States and defense counsel for all co-defendants continue to refine the terms of potential pleas in this case and may be able to resolve it short of trial.

f)   Further, regarding Lizette Mendez specifically, there are motions pending before the Court regarding discovery and Mendez's pretrial release. These motions came after Mendez's pretrial release was revoked following her pretrial release violations. Counsel for Mendez and the United States require additional time to resolve the pending motions and continue to engage in plea discussions.

g)   July 30, 2024 is the earliest available date that all parties are available for trial, taking into consideration the parties' caseload as well as the pretrial investigation and preparation necessary.

h)   Counsel for all defendants desire additional time to review discovery, consult with their clients, conduct investigation and research related to the charges, and to discuss the plea offers

that have been made by the United States.

i) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

j) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

k) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 12, 2023 to July 30, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act provide that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 5, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ ARIN C. HEINZ
ARIN C. HEINZ
Assistant United States Attorney

/s/ DAVID A. TORRES
DAVID A. TORRES
Counsel for defendant Miguel Angel Martinez

/s/ KEVIN P. ROONEY
KEVIN P. ROONEY
Counsel for defendant Lizette Mendez

/s/ BARBARA HOPE O'NEILL
BARBARA HOPE O'NEILL
Counsel for defendant Amayrani Jared Arreguin

/s/ ROGER D. WILSON
ROGER D. WILSON
Counsel for defendant Yvette Gallegos

# ORDER

IT IS SO ORDERED that the status conference set for July 12, 2023, is vacated. A Jury Trial is set for **July 30, 2024, at 8:30 a.m. before District Judge Ana de Alba**. A Pretrial Conference is set for **July 15, 2024, at 1:30 p.m. before District Judge Ana de Alba**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **July 7, 2023**           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE