# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIZETTE MENDEZ,<br><br>　　　　Defendant. | Case No.  1:21-CR-00095-ADA-BAM<br><br>**ORDER ON DEFENDANT'S MOTION FOR DISCOVERY**<br><br>(ECF No. 206, 214) |

This matter is before the Court on the motion by Defendant Lizette Mendez ("Defendant") discovery, filed on June 15, 2023.  (ECF No. 206.)  The government filed an opposition on June 28, 2023.  (ECF No. 214.)  Defendant filed a reply on July 5, 2023.  (ECF No. 215.)  The Court deemed the motion suitable for decision without oral argument and vacated the hearing on the motion.  Having considered the motion, opposition and reply, and the entire record, the Court will deny Defendant's motion for discovery for the reasons that follow.

**Background**[1]

Defendant is charged by Indictment with violating 21 U.S.C. Sections 846, 841(a) for conspiracy to distribute and possess with intent to distribute methamphetamine and fentanyl and violating 21 U.S.C. Section 841(a) for possession with intent to distribute methamphetamine.  (ECF No. 74.)

On November 9, 2020, Defendant was arrested by Customs and Border Patrol agents when she attempted to drive into the United States from Mexico in a vehicle with a large quantity of drugs hidden inside. Defendant was charged in the United States District Court for

---

[1] This factual background is largely taken from Defendant's Motion.  (ECF No. 206, p. 2.)

1

the Southern District of California and on November 11, 2020, she was ordered released on her own recognizance subject to conditions.

On March 29, 2021, federal law enforcement agents arrested Defendant at her Delano home based on a complaint filed in this Eastern District of California case. There were no allegations that Defendant had failed to appear or violated her conditions of release from the Southern District of California or that she had engaged in any subsequent illegal activity related to the pending indictment or otherwise. On March 29, 2021, then-Magistrate Judge Thurston ordered Defendant released on her personal recognizance subject to conditions of release.

Since March 29, 2021, Defendant has tested positive for marijuana on numerous occasions (while returning negative results on numerous other occasions). In February 2023, Pretrial Services referred Defendant to mental health counseling to address her self-reported anxiety and depression and ongoing marijuana use. Defendant missed several of her counselling appointments. A Pretrial Release Violation Petition was filed on May 4, 2023 and a Superseding Petition was filed on May 31, 2023. The Superseding Violation Petition alleged: The defendant failed to participate in mental health counseling on March 21, 2023, April 13, 2023, April 25, 2023, and May 1, 2023. On April 8, 2023, the defendant was cited by the California Highway Patrol and charged with Speed Exceeding 70 Miles Per Hour. The defendant failed to report this law enforcement contact to Pretrial Services within 24 hours. On May 20, 2023, the defendant submitted to a random drug test which was presumptively positive for the presence of Cannabinoids.

**Pretrial Violation Proceedings**

On June 6, 2023, Defendant personally appeared in Court pursuant to the Pretrial Services Superseding Violation Petition. (ECF No. 194, 195.) At the June 6, 2023 hearing, Defendant was ordered temporarily detained. On June 8, 2023, Defendant admitted that she failed to participate in mental health counseling on March 21, 2023 and May 1, 2023 and that her random drug test on May 20, 2023 had been positive for cannabinoids. Specifically, Defendant admitted to certain violations of pretrial release, specifically: (1) that on March 21, 2023, Defendant failed to participate in mental health counseling; (2) that on May 1, 2023,

Defendant failed to participate in mental health counseling; and (3) on May 20, 2023, Defendant submitted a random drug test that was presumptively positive for cannabinoids. (ECF No. 202.)

Also at the June 8, 2023 hearing, Judge Boone ordered Defendant detained, finding: "Defendant to be a danger to persons in the community and is a flight risk, and considering the factors under Section 3142(g), finds no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(A)." (ECF No. 202.)  Judge Boone further found that "by a preponderance of the evidence that the disregard of the laws and the restrictions the Court has imposed, demonstrates it is unlikely that Defendant will abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(B)." *Id.*

**The Requested Discovery**

By her motion, Defendant requests that this Court order the United States Attorney's Office ("USAO") to produce the Marijuana Prosecution Guidelines ("Prosecution Guidelines") or in the alternative, order the USAO to stipulate to specifics relating to the prosecution of personal use marijuana possession.  Specifically, Defendant requests:

1. A copy of the current Eastern District of California United States Attorney Prosecution Guidelines regarding marijuana offenses, specifically (1) personal use possession not on Federal land and (2) businesses and/or individuals selling marijuana as authorized by state or local officials.

2. As an alternative to the production of the requested Prosecution Guidelines, production of a list of all Eastern District of California federal prosecutions of marijuana offenses, first charged from January 1, 2019 to the present and, if possible, limited to (1) personal use possession not on Federal land and (2) businesses and/or individuals selling marijuana as authorized by state or local officials.

Defendant argues that she will accept a stipulation of certain facts related to non-prosecution of personal use possession of marijuana. (ECF No. 206, p. 4:8-18.)

Defendant argues that the requested discovery mitigates against Defendant's pretrial detention and her potential sentencing. (ECF No. 206, p.1.)  Defendant seeks the Prosecution Guidelines to show that she is being detained for a pretrial violation, use of cannabinoid, which is not a crime which would be prosecuted by the USAO.  Defendant appears to argue that this

information is "helpful to the defense" and thus is *Brady* material which should be produced. Defendant does not argue that she is entitled to the requested discovery pursuant to Criminal Rule of Procedure 16.

**Discovery Legal Standards - *Brady***

The Due Process Clause of the Constitution requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. In *Brady v. Maryland*, the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). *Brady* did not, however, create a general constitutional right to discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10 (1976) (discussing absence of requirement of disclosure of all information, albeit in the context of materiality).[2]

"Any evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013). Favorable evidence includes information that would be "advantageous" or would "tend to call the government's case into doubt." *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015). Evidence is

---

[2] In a footnote in *Agurs*, the Supreme Court dismissed an argument that the definition of material evidence under the *Brady* rule should "focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than [on] the materiality of the evidence to the issue of guilt or innocence." *Agurs*, 427 U.S. at 112, fn. 20. The Court stated,

> [s]uch a standard would be unacceptable for determining the materiality of what has been generally recognized as "*Brady* material" for two reasons. First, that standard would necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense. Second, such an approach would primarily involve an analysis of the adequacy of the notice given to the defendant by the State, and it has always been the Court's view that the notice component of due process refers to the charge rather than the evidentiary support for the charge.

*Id.* "If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete discovery of his files as a matter of routine practice." *Agurs,* 427 U.S. at 109.

material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009).

**The Prosecution Guidelines are not *Brady***

Defendant does not argue that the requested discovery is required under Rule 16. Rather, Defendant argues that the production of the discovery is mitigating or helpful as to pretrial detention or sentencing. (ECF No. 206, p. 3.)

Here, Defendant acknowledges that her pretrial detention is the result of repeated violations of an order of the Court and most significantly repeated use of marijuana, but argues that the requested discovery is helpful "in her potential sentencing and in her efforts to regain her liberty pending trial." (ECF No. 215, p. 6; also *id.* pp. 4-5.) Defendant argues that the requested discovery will prove that Defendant has been put in pretrial custody due to conduct which would not result in a prosecution and that sentencing should take Defendant's pretrial custody into account. Defendant argues that her "sentencing mitigation argument that she has been held in custody for conduct that is either technically illegal but not prosecuted – using marijuana; or not illegal – not participating in mental health counselling - will be significantly strengthened by government documents proving that the personal possession or use of marijuana is not prosecuted in this District." (ECF No. 215, p.2.)

Here, the Prosecution Guidelines is not material to defendant's guilt of the charged offenses. Defendant is not charged with a marijuana offense. Rather, she is charged with conspiracy to distribute and possess with intent to distribute methamphetamine and fentanyl and possession of methamphetamine. The Prosecution Guidelines for prosecuting marijuana offenses and the list of marijuana offenses are not relevant to the charged offenses. The Prosecution Guidelines do not tend to prove or disprove any of the elements of the charged offenses. Defendant so agrees. (ECF No. 215 ("the defense agrees that the requested information has nothing to do with guilt or innocence.")).

Instead, Defendant's arguments focus on her detention and sentencing. Defendant argues that the prosecution guidelines are helpful to the defense.

5

Indeed, *Brady* requires production of material "to either guilt or to punishment." *Brady*, 373 U.S. at 87. However, the Court does not find that the Prosecution Guidelines is material under *Brady* to sentencing or punishment on the charged offenses of conspiracy to distribute and possess with intent to distribute methamphetamine and fentanyl and for possession with intent to distribute methamphetamine. As argued by Defendant, "[t]he requested discovery will prove that Ms. Mendez has been put in pretrial custody due to conduct that would not result in her prosecution." Thus,, the Prosecution Guidelines are not relevant to sentencing on the charged offense, but, as argued in Defendant's motion, to obtaining release for detention following pretrial detention for violating court orders.

The focus of the "sentencing mitigation," which is Defendant's pretrial detention, is a collateral issue to the potential "punishment" she may face for the charged offenses. *See United States v. Taylor*, 802 F.2d 1108, 1118 n. 5 (9th Cir.1986) (for colorable *Brady* claim, defendant must show that evidence sought is favorable to him and material to his innocence or applicable punishment). Defendant's pretrial detention is not a charged offense for which she may be sentenced and thus does not fall within *Brady* materiality. *Brady,* 373 U.S. at 87–88, 83 S. Ct. at 1197 ("A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or *reduce the penalty* helps shape a trial that bears heavily on the defendant.") (emphasis added.)

Defendant cites *United States v. Mikaelian*, 168 F.3d 380, 388-89 (9th Cir. 1998) and *United States v. Price*, 566 F.3d 900, 912 n.14 for the proposition that defendant is entitled to any material in the government possess which is mitigating or may reasonable lead to mitigating evidence. Defendant further argues that the Prosecution Guidelines must be produced because the information "is helpful to the defense." (*see e.g.*, ECF No. 215, pp. 2, 3, 4, 5, 7.)

Here, the Court agrees that Defendant would be entitled to *Brady* information which was material to the charged offenses or potential penalties for the charged offenses. Neither *Mikaelian* nor *Price* state the broad proposition that all information "helpful to the defense" is *Brady* information. *Mikaelian*, 168 F.3d at 389-90 (9th Cir. 1999) (no *Brady* violation in failing

to disclose purity of heroin mixture, because defendant already stipulated to possessing detectable amount of heroin), amended by 180 F.3d 1091 (1999); *Price*, 566 F.3d at 911 (under *Brady*, prosecutor has duty to learn of results of investigation into criminal background of witness and disclose evidence that could have led defendant to discover favorable admissible evidence.)  Indeed, there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *Moore v. Illinois*, 408 U.S. 786, 795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).  *Brady* cannot be read as broadly to encompass any information "helpful to the defense" if the information is not material to the charged offenses.  *Brady* did not create a general constitutional right to discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Accordingly, the Government is not obligated to produce the requested discovery at issue under *Brady*.

**Rule 16**

To the extent Defendant is requesting the Prosecution Guidelines under Rule 16, the government argues that Rule 16 exempts from disclosure certain internal government information. Rule 16(a)(2) states that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not subject to disclosure in discovery. This describes the type of documents Defendant is seeking here, and Defendant does not argue that one of the exceptions to this rule applies. Instead, Defendant argues that the requested discovery is *Brady* material.  Defendant argues that Rule 16 exemption does not apply when disclosure is mandated by *Brady*, citing United States v. Jones, 686 F. Supp.2d 147 (D. Mass 2010).

The Court agrees with Defendant that because *Brady* is based on the Constitution, it overrides court-made Rules of Procedure. Thus, Rule 16(a)(2) prohibits discovery of work product but it does not alter the prosecutor's duty to disclose material that comes within *Brady*. However, because the Court has found that the requested discovery is not *Brady* material, it is unnecessary to reach the government's privilege argument.

**Prolonged Detention**

Throughout Defendant's motion, Defendant argues the requested discovery is necessary to restore her liberty pending trial. Defendant argues that her pretrial detention will or has been prolonged and the requested discovery is material to her unlawful detention. (*See e.g.*, ECF No. 206, pp. 1 ("contesting her detention"), 2, 3 ("mitigating as to pretrial detention"), 5, 6; ECF No. 215, pp.1 ("contest the deprivation of her liberty"), 2, 4 ("detention is disproportionate response to her conduct"), 5 ("detention as a disproportionate respond to her violations), 6 ("efforts to regain her liberty pending trial.") Implicit in her argument is that she is being unconstitutionally detained.

As noted above, Defendant was ordered detained, after admitting pretrial violations, pursuant to 18 U.S.C. §§ 3148(b)(2)(A) and (B) of the Bail Reform Act.[3] The Bail Reform Act provides due process protections:

> Detainees have a right to counsel at the detention hearing. 18 U.S.C. § 3142(f). They may testify [on] their own behalf, present information by proffer or otherwise, and cross-examine witnesses who appear at the hearing. Ibid. The judicial officer charged with the responsibility of determining the appropriateness of detention is guided by statutorily enumerated factors, which include the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community. § 3142(g). The Government must prove its case by clear and convincing evidence. § 3142(f). Finally, the judicial officer must include written findings of fact and a written statement of reasons for a decision to detain. § 3142(i). The Act's review provisions, § 3145(c), provide for immediate appellate review of the detention decision.

*United States v. Salerno*, 481 U.S. 739, 751-52, 107 S.Ct. 2095 (1987). The statute therefore facially satisfies due process concerns. *Id.* Section 3148 likewise has procedural protections for

---

[3] For her release on March 30, 3021, Defendant had agreed to the terms of her release, and as ordered by the Court, she agreed to, "(i) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you must notify Pretrial Services immediately of any prescribed medication(s) [but] medical marijuana, prescribed and/or recommended, may not be used;" and "(j) participate in a program of medical or psychiatric treatment including treatment for drug or alcohol dependency, as approved by the PSO." (ECF No. 42 at 2.) When Defendant violated, she appeared, represented by counsel, and admitted to certain violations. (ECF No. 198.)

violations of pretrial release. See 18 U.S.C. § 3148(b) (in a proceeding to revoke an order of release, the judicial officer shall enter an order of revocation and detention after a hearing.)

In *Salerno*, the Supreme Court ruled that the Bail Reform Act is a regulatory response from Congress as to those types of criminal cases (and those criminal defendants) who properly should be detained before trial to prevent danger to the community – a response which included particular details as to the process by which such a decision would be made and supported. *Salerno*, 481 U.S. 739, 746-52. Those "process" details of a hearing – an opportunity for the defendant to be heard; for counsel to present evidence, proffer, and argument; the burden upon the Government to prove that detention is required; and the steps that must be taken by the court to justify an order of detention – all pertain as well to whether procedural due process guarantees are satisfied. *Id.* at 750-53; *see also id.* at 746 (procedural due process requires that "[w]hen government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner") (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

"[A]t some point, pretrial detention can become excessively prolonged, and therefore punitive, resulting in a due process violation." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021)(internal quotation marks omitted). The Ninth Circuit, along with certain other Circuits, "requires assessment on a case by-case basis" in order to determine whether prolonged pretrial detention amounts to a due process violation. *Id.*; *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988) (citing *United States v. Gonzales-Claudio*, 806 F.2d 334, 340 (2nd Cir. 1986)). On that score, when "evaluating whether a due process violation has occurred," courts must "weigh the following factors: (1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *United States v. Walker,* 68 F.4th 1227, 1238 (9th Cir. 2023).

As Defendant brings this motion as one for production of discovery, the Court does not reach Defendant's arguments regarding the issue of prolonged detention in violation of due process.

**Conclusion and Order**

For the reasons stated above, Defendant's motion for discovery is DENIED.

IT IS SO ORDERED.

Dated:  **July 10, 2023**                           /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE